IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,973-01






EX PARTE BILLY RAY BRYANT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR01125 IN THE 102ND DISTRICT COURT


FROM RED RIVER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to imprisonment for life. The Sixth Court of Appeals affirmed his conviction. Bryant
v. State, No. 06-08-00037-CR (Tex. App.--Texarkana 2009, pet. ref'd). 

 On January 12, 2011, we remanded this application and directed the trial court to determine
whether perjured testimony was presented at trial and Applicant's due process rights were violated.
Ex parte Chabot, 300 S.W.3d 768 (Tex. Crim. App. 2009). After holding an evidentiary hearing,
the trial court concluded that neither false nor perjured testimony was presented at trial and that
Applicant's due process rights were not violated. The trial court recommended that we deny relief.
We agree that Applicant's claim is without merit. 

 Applicant also contends that trial counsel rendered ineffective assistance. Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984).
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall order counsel to respond to each of Applicant's ineffective assistance of counsel
claims. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing.
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 12, 2012

Do not publish